IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH POL,<br>      Plaintiff<br><br>v.<br><br>SMITH PROVISION COMPANY, et al.,<br>      Defendants. | C.A. No. 19-102 Erie<br><br>District Judge Susan Paradise Baxter |

## MEMORANDUM OPINION

**I.**     **BACKGROUND**

Plaintiff, an adult resident of Erie, Pennsylvania, initiated this action by filing a complaint on April 4, 2019, against Defendants Smith Provision Company ("Smith") and Eriez Manufacturing Company ("Eriez"), both companies organized and existing under the laws of the state of Pennsylvania, with principal offices in Erie, Pennsylvania, and Wegmans Food Markets, Inc. ("Wegmans"), a corporation organized and existing under the laws of the state of New York, with a place of business at 5028 West Ridge Road, Erie, Pennsylvania ("West Ridge store").

Plaintiff alleges that on March 30, 2017, he visited Defendant Wegmans' West Ridge store and purchased hot dogs that were manufactured and packaged by Defendant Smith. (ECF No. 1, at ¶ 5). According to Plaintiff, Defendant Smith utilized metal detectors supplied by Defendant Eriez in order to detect the presence of contaminants in their products during their manufacturing and packaging process. (Id. at ¶ 7). Plaintiff claims that he sustained injuries from consuming the hot dogs he purchased from Defendant Wegmans, because the hot dogs allegedly contained metal shards (Id. at ¶ 8). As a result, Plaintiff asserts claims of strict product liability, breach of warranty, and negligence against all Defendants, and a separate claim of gross

1

negligence against Defendant Smith only. As relief for the first three claims, Plaintiff requests monetary damages in the amount of $2,000,000.00, and for the fourth claim against Defendant Smith, Plaintiff seeks to recover punitive damages.

Each of the three Defendants has filed a motion to dismiss [ECF Nos. 15, 17, 19], citing identical grounds: (1) the Court lacks subject matter jurisdiction because Plaintiff has failed to establish complete diversity of citizenship among the parties; (2) Plaintiff's claims are barred by the applicable statute of limitations; and (3) Plaintiff has failed to assert a proper demand for relief.[1] Plaintiff has filed a brief in opposition to Defendants' motions [ECF No. 27], as well as a motion to amend complaint [ECF No. 29] seeking to correct the deficiencies raised by Defendants. Defendant Wegmans has since filed a reply brief [ECF No. 30], as well as a response in opposition to Plaintiff's motion to amend complaint [ECF No. 31]. This matter is now ripe for consideration.

## II. DISCUSSION

### A. Subject Matter Jurisdiction

Although the jurisdictional basis for Plaintiff's claims is not plainly stated in the complaint, it is apparent from the nature of the claims that there is no independent basis for federal court jurisdiction under 28 U.S.C. § 1331. Thus, the only possible basis for establishing federal court jurisdiction is diversity of citizenship among the parties under 28 U.S.C. § 1332. The diversity jurisdiction statute grants district courts original jurisdiction over all civil actions where the amount in controversy exceeds $75,000.00 and is between, *inter alia*, "citizens of

---

[1] All Defendants have also stressed, and Plaintiff has since conceded, that "Joseph Pol" is not Plaintiff's legal name; rather, his full legal name is Joseph Polchlopek. Thus, Plaintiff has violated Rule 17(a) of the Federal Rules of Civil Procedure, which requires that a civil action "must be prosecuted in the name of the real party in interest."

2

different States...." 28 U.S.C. § 1332(a)(1).[2] Thus, diversity jurisdiction requires "complete diversity" between the parties, such that "each defendant is a citizen of a different States from each plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978); Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010).

Here, it is plain from Plaintiff's allegations that both Defendants Smith and Eriez are Pennsylvania companies having principal places of business in Pennsylvania. Thus, like Plaintiff, they are Pennsylvania residents. The only non-resident party is Defendant Wegmans, which is incorporated in New York. Consequently, complete diversity does not exist among the parties.

In his opposition brief, Plaintiff asserts that complete diversity "is not a constitutional requirement," but is essentially a judicial construct (ECF No. 27, at p. 1). As support for this assertion, Plaintiff cites the case of State Farm Fire & Case. Co. v. Tashire, 386 U.S. 523, 530 (1967), for the proposition that only minimal diversity is necessary to meet the jurisdictional requirement; however, Tashire involved an interpleader action under 28 U.S.C. §1335, which has its own jurisdictional requirement wholly different from the relevant diversity statute at issue here. Thus, Plaintiff's argument that complete diversity is not required in this case is simply wrong.

Nonetheless, Plaintiff alternatively posits that Defendants Smith and Eriez could simply be removed from this action as non-essential parties under Rule 21 of the Federal Rules of Civil Procedure, thus leaving Plaintiff and Defendant Wegmans as completely diverse parties. With this the Court agrees.

It is well-settled that a district court has discretion to drop non-diverse parties whose presence is not essential in order to preserve diversity jurisdiction. Field v. Volkswagenwerk AG,

---

[2] None of the other enumerated bases for diversity jurisdiction are applicable here.

626 F.2d 293, 296 (3d Cir. 1980); Riverside Memorial Mausoleum, Inc. v. UMET Trust, 581 F.2d 62 (3d Cir. 1978). "Whether a party may be dropped depends on whether the party is 'indispensable' to a just and meaningful litigation of the claims remaining in the suit." Field, 626 F.2d at 297. "'[T]he question always is, or should be, when objection is taken to the jurisdiction of the court by reason of the citizenship of some of the parties, whether ... they are indispensable parties, for if their interests are severable and a decree without prejudice to their rights may be made, the jurisdiction of the court should be retained and the suit dismissed as to them.'" Grupo Dataflux v. Atlas Global Group, L.F., 541 U.S. 567, 572 (2004) (citation omitted).

Before the court determines whether a party is "indispensable" under Rule 19(b), it must first determine under Rule 19(a) whether the party is "necessary" to the action. See Gen. Refractories Co. v. First State Ins. Co., 500 F.3d 306, 312 (3d Cir. 2007). If the party is "necessary," but its joinder to the action is not feasible because it would defeat diversity jurisdiction, a court must then determine whether the absent parties are "indispensable" under Rule 19(b). Id. If the non-diverse party is dispensable under Rule 19, the party can be dropped by way of Rule 21. Zambelli Fireworks Mfg., Co. v. Wood, 592 F.3d 412, 421 (3d Cir. 2010).

Here, Defendant Wegmans asserts that Smith is a necessary party to the litigation,[3] arguing that, to assess Plaintiff's claim, a factfinder would be required to determine whether the subject hot dog produced by Smith was defective, "thereby potentially exposing Smith to strict products liability claims for which it would have no opportunity to defend itself, and which could subject it to a *res judicata* ruling in a subsequent lawsuit." (ECF No. 30, Defendant Wegmans' reply brief, at p. 3). However, "'[t]he mere fact…that Party A, in a suit against Party B, intends

---

[3] Defendant Wegmans makes no argument that Defendant Eriez is a necessary and indispensable party to this action, nor does it oppose Defendant Eriez's removal from this case.

4

to produce evidence that will indicate that a non-party, C, behaved improperly does not, by itself, make C a necessary party.'" Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 409 (3d Cir. 1993), quoting Pujol v. Shearson/American Express, Inc., 877 F,2d 132, 136 (1st Cir. 1989). In addition, the "[m]ere presentation of an argument that issue preclusion is possible is not enough to trigger Rule 19(a)(2)(i)." Id. Indeed, "issue preclusion applies only to persons who were either parties to the prior action or shared the same interest as the parties who were present in the prior action." Id., at 410, citing Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc., 669 F.2d 667, 670 (11th Cir. 1982) ("Because [the absent party] is not a party to this suit and will not have an opportunity to litigate his involvement in the questioned transaction, he will not be legally bound by the judgment under principles of res judicata or collateral estoppel"); 18 Wright et al., §4449, at 411 ("The basic premise of preclusion is that parties to a prior action are bound and nonparties are not bound"). So, Defendant Wegmans' argument that Defendant Smith is a necessary party to this litigation is without merit.

The question thus remains whether Defendant Smith is indispensable to this action. To determine whether a party is "indispensable," Rule 19(b) requires the Court to evaluate: (1) the extent to which a judgment rendered in the [party's] absence might prejudice that [party] or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by protective provisions in the judgment, by shaping of relief, or by other measures; (3) whether a judgment entered in the [party's] absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder. Fed.R.Civ.P. 19(b).

Weighing the Rule 19(b) factors, it is apparent that Defendant Smith is not an indispensable party in this case, as it is no more than an alleged joint tortfeasor. "It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single

lawsuit" in order to accord adequate relief to the remaining parties. Temple v. Synthes Corp., Ltd., 498 U.S. 5, 7 (1990). Furthermore, a judgment rendered in Defendant Smith's absence would not have any preclusive effect so as to prejudice Smith's rights; nor would the rights of the remaining parties be adversely affected, as they would each retain the right to pursue recovery against Defendant Smith in a separate action, if they so desire. Since Smith is not an indispensable party, the Court will dismiss Defendant Smith, along with Defendant Eriez, in order to preserve its diversity jurisdiction under Rule 21.

Having preserved its diversity jurisdiction over this case, the Court will now turn its attention to Defendant Wegmans' alternative argument that Plaintiff's complaint should be dismissed as untimely.

**B.     Statute of Limitations**

The applicable statute of limitations for personal injury and product liability claims in Pennsylvania is two years. 42 Pa.C.S. § 5524(2). Under Pennsylvania law, the limitations period begins to run "when the cause of action accrues, meaning the date the injury is sustained." Gwaltney v. Stone, 564 A.2d 498, 500 (Pa.Super. 1989).

Here, the only date mentioned by Plaintiff in his complaint is the date he purchased the hot dogs at issue – March 30, 2017. Based on this date, Defendant argues that the instant lawsuit must have been filed no later than March 30, 2019, in order to comply with the statute of limitations. Since the complaint in this matter was not filed until April 4, 2019, Defendant argues that it was untimely and should be dismissed. In his opposition brief, Plaintiff responds that, although the hot dogs were purchased on March 30, 2017, he did not discover the metal shards until April 5, 2017; thus, he argues, the case was timely filed one day before the expiration of the limitations period. (ECF No. 25, at p. 3). In conjunction with the filing of his opposition brief,

Plaintiff also filed a motion to amend his complaint [ECF No. 26] to include, *inter alia*, the alleged discovery date of April 5, 2017, which was omitted from the original complaint.

On October 15, 2019, Defendant Wegmans filed a reply brief asserting that Plaintiff's alleged discovery date of April 5, 2019, is a "knowingly false representation to the Court." (ECF No. 30, at p. 4). In support of this assertion, Defendant notes that "Plaintiff called Wegmans on March 31, 2017 to report that he had consumed Smith's hot dogs purchased at Wegmans that contained metal shards, and sent a follow-up letter to Wegmans on May 24, 2017 confirming that he made said phone call." (Id.). Both the letter of May 24, 2017, and an internal email memorializing the phone call of March 31, 2017, are attached to Defendant's reply brief. (ECF Nos. 30-1 and 30-2, respectively). These documents clearly indicate that the hot dogs were purchased on March 30, 2017 and were consumed the next day. Though these documents are outside the pleadings, the Court is inclined to consider them to prevent an apparent fraud on the Court. To do so, the Court will treat Defendant's motion to dismiss as one for summary judgment under Rule 56, pursuant to Rule 12(d) of the Federal Rules of Civil Procedure. The Court notes that Plaintiff has had more than four months to present any evidence or argument he may have in opposition to Defendant's exhibits, by way of sur-reply; yet, he has failed to do so.

Thus, based on the documentary evidence presented by Defendant Wegmans as part of its reply brief, the Court finds that the applicable statute of limitations began to run on March 31, 2017, which was the date on which Plaintiff put Wegman's on notice of his discovery of the metal shards in the subject hot dogs. This means that the statute expired on March 31, 2019, four days before Plaintiff filed this suit. As a result, Plaintiff's complaint is untimely and summary judgment will be granted in favor of Defendant Wegmans and against Plaintiff on all claims.

An appropriate Order follows.